IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CYNTHIA LAREE ROPER, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-277 |
| v. | |
| WIESER SECURITY CORPORATION, WIESER SECURITY SERVICE, and JAMARCUS COLLINS, | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's April 2, 2025, Report and Recommendation, (doc. 10), to which plaintiff has not filed an objection. Plaintiff did file two versions of an Amended Complaint during the objections period. (Docs. 11 & 12.) Neither of these submissions address why Plaintiff failed to file anything prior to the deadline imposed by the Magistrate Judge in his prior Order. (See generally id.) The Magistrate Judge's conclusion that Plaintiff failed to comply with the Court's Order is, therefore, unrebutted and supports dismissal. (Doc. 10, pp. 1-2.) Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion, and Plaintiff's Complaint is **DISMISSED**. (Doc. 10.)

Even if the Court were to consider the two filings, dismissal would still be appropriate. The Magistrate Judge reviewed Plaintiff's initial Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and found it failed to state a claim. (Doc. 9, pp. 1-4.) Her two new filings suffer the same deficiencies. The first filing, presented on the standard complaint form for civil cases, identifies

a criminal statute, 18 U.S.C. § 2242, as the federal statute at issue, and alleges she was "harassed and sexual[ly] assaulted by [her] supervisor."  (Doc. 11, p. 3.)   Courts have observed that § 2242 does not give rise to a private cause of action.   See Adeshina v. Bush, Case No. 4:21-cv-403, 2021 WL 6297772, at * 1 n. 2 (N.D. Fla. 2021) (collecting cases).   Moreover, her single allegation that her supervisor harassed and sexually assaulted her, (doc. 11, p. 5), is the type of "the-defendant-unlawfully-harmed-me accusation" that the Magistrate Judge explained is insufficient to satisfy the pleading standard.  (Doc. 9, p. 2 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotations omitted).)   The second filing is similarly deficient.  (See generally doc. 12.) It is presented on the standard form complaint for employment discrimination, and purports to assert violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990, and asserts the Defendants discriminated against her based on her race, color, gender/sex and age.  (Id., pp. 3-4.) The pleading's limited factual allegations are that she was hired as a security officer and "was sexually assaulted by [her] supervisor . . . who was hired to protect [her], not hurt [her]."  (Id., p. 5.)   These allegations are simply insufficient to state a claim against any Defendant.

For these reasons, Plaintiff's Complaint is **DISMISSED**.  (Doc. 1.)   The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 2nd day of May, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA